UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARVIN ANTONIO HERRERA MACHADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00208-MPB-MKK |
| | ) | |
| BRISON SWEARINGEN in his official capacity | ) | |
| as Sheriff of the Clay County Justice Center, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Marvin Antonio Herrera Machado is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 24, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Herrera Machado now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 23; dkt. 10 at 2.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 9, 2026**, Respondents must either: (1) afford Mr. Herrera Machado an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Herrera Machado from custody, under reasonable conditions of supervision.

**I.    Background**

Mr. Herrera Machado is a Nicaraguan citizen who has resided in the United States since approximately 2019. Dkt. 1 ¶¶ 46–47. On March 24, 2026, he was served with an I-200 Warrant

1

for Arrest of Alien. Dkt. 6-1 at 6. On the same day the Department of Homeland Security initiated removal proceedings against Mr. Herrera Machado by issuing him a Notice to Appear. *Id.* at 2.

The Notice to Appear charges Mr. Herrera Machado with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not possessing the proper documentation. *Id.* at 5. The "arriving alien" checkbox is unmarked. *Id.* at 2.

## II.   Discussion

Mr. Herrera Machado claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), relevant bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 1 ¶¶ 51–73. Respondents argue that Mr. Herrera Machado is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that the bond regulations do not apply; and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Herrera Machado's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Herrera Machado is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall

order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Herrera Machado Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Herrera Machado is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Herrera Machado who have lived in the interior of the United States for years. *See Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.*

4

The respondents here cite some contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 9. Notably, the respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 9 at 10 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that " in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* or *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because the cases cited by the respondents are not binding on this Court, the Court declines to depart from its previous reasoning.

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

Accordingly, the Court concludes that Mr. Herrera Machado is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Herrera Machado asks the Court to order his immediate release. Dkt. 1 at 23. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Herrera Machado's immediate release and instead orders Respondents to provide him with a bond hearing.  Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Herrera Machado maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Herrera Machado's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

In the alternative, Mr. Herrera Machado asks the Court to order the Respondents to provide him with a bond hearing where the burden is on the government to prove by clear and convincing evidence that the detainee poses a danger or flight risk and that there are no reasonable alternatives to detention. Dkt. 10  at 14. The Court does not have the authority to place the burden of proof on the government. The Seventh Circuit has not answered the question of who bears the burden of

6

proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2]

The statute does not explicitly assign a burden of proof, and the accompanying regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (explaining that "aliens who are arrested and detained may generally apply for release on bond or conditional parole" under § 1226(a)(2) and that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." (citing 8 CFR §§ 236.1(c)(8), 1236.1(c)(8) (2020)). Therefore, the Court directs the Respondents simply to afford a bond hearing that complies with § 1226(a) and its accompanying regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 9, 2026**, Respondents must either: (1) provide Mr. Herrera Machado with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Herrera Machado from custody, under reasonable conditions of supervision. No later than **12:00**

---

[2] Compare *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), with *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

**p.m. on April 10, 2026**, Respondents must file documentation certifying that they have provided Mr. Herrera Machado with a bond hearing or released him from detention. The petition is **denied** to the extent it seeks relief additional to or inconsistent with the above. The **clerk is directed** to enter final judgment.

      **IT IS SO ORDERED.**

Dated:  April 6, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel